**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1011
_____

CHARLES FOSTER,
                                        Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:19-cv-18825)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 24, 2022

Before: GREENAWAY, JR., PORTER and NYGAARD, Circuit Judges

(Opinion filed: August 4, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Charles Foster appeals pro se from the orders of the United States District Court for the District of New Jersey ("the DNJ") dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241 and denying his related motion for reconsideration. For the reasons that follow, we will affirm the District Court's judgment.

I.

In 2001, a grand jury in the United States District Court for the Middle District of Florida ("the MDFL") indicted Foster on three counts of possessing with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). At trial, the jury found Foster guilty of all three counts, and it also found that the use of the heroin at issue in one of the counts resulted in an individual's death. In cases like this one, a defendant's statutory mandatory minimum increases "if death or serious bodily injury results from the use of [the] substance [in question]." 21 U.S.C. § 841(b)(1)(C). The presiding judge in the MDFL ultimately sentenced Foster to 30 years in prison. Foster's efforts to attack that judgment on direct appeal and via a 28 U.S.C. § 2255 motion were unsuccessful.

Years later, the United States Supreme Court held in Burrage v. United States, 571 U.S. 204, 218-19 (2014), that, "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under [§ 841(b)(1)(C)'s] penalty enhancement provision . . . unless such use is a but-for cause of the death or injury." That is, for the so-called "death-results" enhancement to apply, the jury must find, beyond a reasonable doubt, that the victim's death or injury would not have occurred in the absence of the defendant's

2

criminal conduct.  See id. at 210-11.  In light of Burrage, Foster, in 2016, applied for authorization to file a second or successive § 2255 motion pursuant to 28 U.S.C. §§ 2244 and 2255(h)(2).  The United States Court of Appeals for the Eleventh Circuit denied that application, explaining that authorization was not warranted because Burrage did not announce a new rule of constitutional law, but rather merely adjudicated an issue of statutory interpretation.

In 2019, at which point Foster was incarcerated in a federal prison in New Jersey, he filed a pro se habeas petition in the DNJ pursuant to § 2241.[1]  Although the petition purported to raise multiple claims, all of them relied on Burrage.  (See Dist. Ct. dkt. # 1, at 13.)  Foster claimed that, in light of Burrage, the jury's "death-results" finding should be vacated and he should be resentenced to no more than 20 years in prison.  The Government opposed the petition, arguing that Foster's Burrage claims were not cognizable under § 2241, and that, even if they were cognizable, they did not entitle him to habeas relief.  In March 2021, the District Court dismissed the petition, agreeing with the Government that Foster's claims were not cognizable under § 2241.[2]  Foster then timely moved the District Court to reconsider its decision.  In November 2021, the District Court denied that motion.  This timely appeal followed.

---

[1] In 2020, the Federal Bureau of Prisons transferred Foster to home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).

[2] The District Court did not reach the merits of the petition.

3

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[3] We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam) (reviewing order adjudicating § 2241 petition); Howard Hess Dental Laboratories Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010) (reviewing order denying motion for reconsideration, and explaining also that the denial itself is reviewed for abuse of discretion). We may affirm the District Court's judgment on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

A § 2255 motion is the presumptive means by which a federal prisoner can collaterally attack the legality of his conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner may instead proceed under § 2241 only if he demonstrates that a § 2255 motion would be "inadequate or ineffective." See 28 U.S.C. § 2255(e); Cradle, 290 F.3d at 538. Assuming for the sake of argument that Foster could meet the "inadequate or ineffective" requirement, we agree with the Government that his § 2241 petition would nevertheless fail on the merits.

To prevail on his petition, Foster would need to establish that, in light of all of the evidence presented at his trial, it is more likely than not that *no reasonable juror* would

---

[3] Foster does not need a certificate of appealability to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).

4

have concluded, beyond a reasonable doubt, that his criminal conduct was a but-for cause of the victim's death.  See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 184 (3d Cir. 2017).  But Foster cannot make this difficult showing.  The evidence at trial established that the victim injected himself with heroin sold by Foster and was found dead a few hours later.  The medical examiner who conducted the autopsy testified that this was a "fairly classic" heroin-overdose case, and that she had no doubt that the heroin killed the victim.  (Appellee's Suppl. App. at 327.)  Although the victim had ingested alcohol a few hours before injecting himself with the heroin, the medical examiner testified that the alcohol did not have "any significant effect on [the victim's] death."  (Id. at 326.)  Based on the totality of the evidence, a reasonable juror could find, beyond a reasonable doubt, that had Foster not sold the heroin injected by the victim, the victim would not have died. See Burrage, 571 U.S. at 210-11.

Because there was no basis for granting Foster's § 2241 petition, the District Court properly declined to grant relief on it and Foster's subsequent motion for reconsideration. Accordingly, we will affirm the District Court's judgment.